**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LEROY PEOPLES,**

                              **Plaintiff,**

    vs.                                                     9:20-CV-242
                                                                     (MAD/TWD)

**RICHARD HOYT,** _Parole Officer, NYS DOCCS_;
**JOHN SHEA,** _Parole Officer, NYS DOCCS_; **JAMES
PIROZZOLO,** _Senior Parole Officer, NYS DOCCS_;
**and MICHAEL RUSSO,** _Sex Offender Treatment
Counselor, NYS DOCCS_,

                              **Defendants.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**LEROY PEOPLES**
**05-A-2620**
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                **LAUREN ROSE EVERSLEY, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants Hoyt, Shea
and Pirozzolo

**MICHAEL RUSSO**
116 Emory Drive
Jamestown, New York 14701
Defendant _pro se_

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff commenced this action against Defendants Richard Hoyt, John Shea, James Pirozzolo, and Michael Russo asserting claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights while a parolee on post-release supervision by the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1. On initial review of the complaint, the Court directed Defendants to respond to Plaintiff's Fourteenth Amendment due process claims challenging (1) the imposition of GPS monitoring as a special condition of Plaintiff's post-release supervision and (2) the requirement that Plaintiff pay to attend mandated sex offender programming conducted by Defendant Russo. *See* Dkt. No. 5 at 4-6, 8.

On December 2, 2021, Defendants Hoyt, Pirozzolo, and Shea moved for summary judgment, which Defendant Russo joined. *See* Dkt. Nos. 58 & 59. Plaintiff opposed the motion. *See* Dkt. No. 65. In a June 3, 2022 Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court grant Defendants' motion in its entirety and dismiss this case. *See* Dkt. No. 70. Initially, Magistrate Judge Dancks noted that, in response to Defendants' motion, Plaintiff indicated that he consented to the dismissal of all claims against Defendants Shea and Pirozzolo based on their lack of personal involvement in the underlying alleged constitutional violations. *See id.* at 8-9. Plaintiff further indicated that he was only interested in pursuing his claims against Defendants Hoyt and Russo relating to the requirement that he was required to pay to participate in the sex offender treatment program conducted by Defendant Russo. *See id.* In light of this, Magistrate Judge Dancks recommended that Plaintiff's claim relating to the imposition of GPS monitoring as a special condition of post-release supervision be dismissed. *See id.* at 9. Finally, as to Plaintiff's only remaining claim, Magistrate Judge Dancks found that Plaintiff failed to identify a protected liberty interest and the claim should be

2

dismissed. *See id.* at 11-12. Plaintiff has not objected to Magistrate Judge Dancks' Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to

3

dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252 (emphasis and alterations in original)). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' ... and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Kotler v. Fischer*, No. 9:09-CV-01443, 2012 WL 929823, *12 (N.D.N.Y. Mar. 19, 2012) (citations omitted). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to

overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant Defendants' motion in its entirety and dismiss this case. As noted, Plaintiff voluntarily dismissed all claims against Defendants Shea and Pirozzolo, as well as his claim relating to the imposition of GPS monitoring. Even assuming Plaintiff had not voluntarily dismissed the claim regarding the imposition of GPS monitoring, the claim was subject to dismissal for the reasons set forth in Defendants' motion, including the fact that the condition was reasonably related to his conduct on patrol, it was not arbitrary and capricious, and it was designed to deter recidivism and prevent further offenses. *See Singleton v. Doe*, No. 14-cv-303, 2014 WL 3110033, *3 (S.D.N.Y. July 7, 2014) (quotation omitted). Moreover, Magistrate Judge Dancks correctly determined that Plaintiff's claim relating to the requirement that he pay for the sex offender treatment program must be dismissed because Plaintiff has failed to set forth a liberty interest that was implicated by that requirement and further fails to demonstrate that he suffered any injury from his failure to pay for the treatment (which he was still permitted to attend despite his failure to pay).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' June 3, 2022 Order and Report-Recommendation (Dkt. No. 70) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 59) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's letter motion requesting entry of default against Defendant Russo (Dkt. No. 71) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 14, 2022
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge